IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSE ATANACIO RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, *Field Office Director, New Orleans Field Office, U.S. Immigration and Customs Enforcement, in his official capacity*, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:26-cv-00888<br><br>JUDGE RICHARDSON |

**ORDER**

On June 29, 2026, an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief" (Doc. No. 1, "Petition") was filed by Petitioner, Jose Atanacio Ramirez. On August 10, 2026, the parties filed a "Joint Advisory Notice Regarding Current Status of Action and Need for Judicial Decision on Petition" (Doc. No. 22) as directed by the Court's August 3, 2026 order (Doc. No. 21). Thereafter, on August 17, 2026, the parties filed a "Joint Advisory Notice in Response to Court Order (ECD Doc. 23)" (Doc. No. 24) as directed by the Court's August 11, 2026 order (Doc. No. 23). The Court now has the information that it needs to rule on the Petition, and for the reasons set forth herein, the Petition is granted.

Petitioner was detained by Immigration and Customs Enforcement (ICE) Nashville on June 29, 2026, and transported to the West Tennessee Detention Center facility in Mason, Tennessee. (*See* Doc. No. 6-6 at ¶ 5; Doc. No. 14 at 1). That same day, Petitioner filed the Petition, asserting—among other things—that ICE (Respondents' Agency) was allegedly seeking to transfer Petitioner to Louisiana in violation of the Fifth Amendment Due Process Clause and that 8 U.S.C § 1226(a)

afforded Petitioner a constitutional right to a bond hearing as to his detention. (Doc. No. 1 at 1, 6-7).

In a teleconference held on July 15, 2026, Respondents informed the Court that Petitioner had been transferred to Louisiana—as Petitioner alleged he would be. On that same call, Petitioner informed the Court that Petitioner was finally afforded a bond hearing on July 9, 2026, whereby Petitioner was granted a $7,500 bond. Following the teleconference, the parties jointly informed the Court that "Petitioner posted the required financial bond and was physically released from ICE custody." (Doc. No. 22 at 2). Moreover, although there was uncertainty regarding whether the underlying removal proceedings were still pending, the parties also informed the Court that the "Executive Office for Immigration Review (EOIR) electronic portal system reflects that removal proceedings against [Petitioner] are now actively pending before the Memphis Immigration Court." (*Id.*).

In light of Petitioner's release on bond, Respondents argue that the Petition "is moot and should be denied or dismissed." (Doc. No. 24 at 2). But Petitioner argues that the Petition "is not moot," (*id.* at 5), and that the Court should grant the Petition and enter a "a Final Declaratory Judgment holding that Petitioner's civil administrative custody is governed exclusively by 8 U.S.C. § 1226(a) (consistent with *Lopez-Campos v. Raycraft* and *Valle v. Bullock*[)], and should permanently enjoin Respondents from re-detaining or re-classifying Petitioner under 8 U.S.C. § 1225(b)(2)(A) during his pending removal proceedings," (*id.* at 8).

The Court will begin by addressing briefly Respondents broad assertion that "Federal courts only have jurisdiction over petitions for habeas corpus when the petitioner is 'in custody.'" (Doc. No. 24 at 3 (first citing 28 U.S.C. § 2254(b), then citing 28 U.S.C. § 2241(c))). It is true that Section 2241 has an "in custody" requirement, *see* 28 U.S.C. § 2241(c), and that "[t]he custody

requirement is a jurisdictional one; if a petitioner is not 'in custody' at the time the petition is filed, the court lacks jurisdiction to consider it." *Harmon v. Long*, No. 3:15-CV-0149, 2015 WL 1275285, at *2 (M.D. Tenn. Mar. 18, 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). But importantly, the "in custody" requirement is assessed at the time of the filing of the 2241 petition.[1] Therefore, even assuming *arguendo* that Petitioner no longer qualifies as being "in custody," that does not deprive the Court of jurisdiction as a result of the "in custody" jurisdictional requirement imposed by Section 2241. However, if a petitioner goes from being in custody to not in custody, that can deprive the Court of jurisdiction for a different reason—a reason stemming from the Constitution's case-or-controversy requirement—because "a petitioner's release from custody may moot a habeas claim," *Limon v. Brewer*, No. CV 18-10772, 2023 WL 158897, at *13 (E.D. Mich. Jan. 11, 2023).[2]

---

[1] *See Lee v. Rios*, 360 F. App'x 625, 628 n.2 (6th Cir. 2010) ("The Supreme Court has instructed courts to determine whether a habeas corpus petitioner is 'in custody' for purposes of §§ 2241 and 2254 at the time the petitioner files his application." (citation omitted)); *U.S. ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) ("The 'in-custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." (citing *Carafas v. La Vallee*, 391 U.S. 234 (1968))); *Limon v. Brewer*, No. CV 18-10772, 2023 WL 158897, at *12 (E.D. Mich. Jan. 11, 2023) ("If a petitioner is released during the pendency of the case, a habeas court is not divested of jurisdiction as long as the petitioner was "in custody" when the petition was filed." (first citing *Carafas*, 391 U.S. at 238; then citing *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988))).

[2] As one district court within the Sixth Circuit aptly put it:

> To obtain habeas relief following release from custody, "a petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). If a petitioner, as here, was in custody when he filed his petition, but later was released, "the question is whether [the court] is still faced with a case or controversy under Article III, § 2 of the U.S. Constitution." *Id.*

*Diallo v. Adducci*, 444 F. Supp. 3d 815, 819-20 (N.D. Ohio 2020). Notably "mootness is a jurisdictional question. And without jurisdiction, [courts] do not have the power to adjudicate th[e] dispute. *United States v. Avant*, No. 24-4007, 2025 WL 978924, at *3 (6th Cir. Mar. 27, 2025) (internal citations and quotations omitted).

The "[m]ootness doctrine arises from the Article III requirement that courts may only consider a live controversy." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). It follows that "mootness is a jurisdictional question." *United States v. Avant*, No. 24-4007, 2025 WL 978924, at *3 (6th Cir. Mar. 27, 2025) (quoting *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009)). Courts have found that "[i]n the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody." *Hernandez-Morales v. Sec'y, Dep't of Homeland Sec.*, No. 1:18-CV-505, 2019 WL 2330858, at *1 (S.D. Ohio May 31, 2019), *report and recommendation adopted*, No. 1:18-CV-505, 2019 WL 2514910 (S.D. Ohio June 18, 2019). Courts have found that "except in limited circumstances"—for example, where a mootness exception applies, *see id.* at *1 n.1[3]—a petitioner's release from custody will moot the habeas petition. *Id.* at *1 (citing *Lane v. Williams*, 455 U.S. 624, 631-32 (1982)).[4]

---

[3] *See also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if '(1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'" (quoting *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001))); *Rosales-Garcia v. Holland*, 322 F.3d 386, 396-97 (6th Cir. 2003) (discussing the applicability of the voluntary-cessation exception to mootness and the capable of repetition yet evading review exception to mootness to the petitioner's Section 2241 petition).

[4] *Accord Warr v. Field Off. Dir.*, No. 1:19-CV-218, 2020 WL 1814137, at *1 (S.D. Ohio Apr. 9, 2020) ("In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody."), *report and recommendation adopted*, No. 1:19-CV-218, 2020 WL 2395923 (S.D. Ohio May 12, 2020); *Martinez v. Immigr. Serv.*, No. CIV.A. 05-CV-06-KSF, 2005 WL 2367612, at *4 (E.D. Ky. Sept. 26, 2005) ("[T]he release of a § 2241 petitioner from the purported illegal custody moots the § 2241 custody issue."); *Harley v. Warden*, No. 2:25-CV-02201-TLP-CGC, 2026 WL 39417, at *2 (W.D. Tenn. Jan. 6, 2026) ("The § 2241 Petition is moot because Petitioner has been released from [] custody."); *N-A-M v. Longshore*, No. CIV.A. 08-CV-01834-WYD-KLM, 2009 WL 1975989, at *4 (D. Colo. July 6, 2009) (finding that in the context of a Section 2241 petition that "release from custody renders the Petition moot unless an exception applies."); *Farah v. Sessions*, No. 16-CV-3158 (DWF/SER), 2017 WL 2257383, at *2 (D. Minn. Apr. 24, 2017) (finding that a Section 2241 petition is moot based on petitioner's release from custody), *report and recommendation adopted*, No. CV 16-3158 (DWF/SER), 2017 WL 2242855 (D. Minn. May 22, 2017).

Even assuming *arguendo* that Petitioner is not "in custody"[5] so as to seemingly moot the Petition, the Court finds that the voluntary cessation exception to mootness applies. Petitioner makes multiple arguments in support of his assertion that the Petition is not moot, but most persuasively, Petitioner asserts that the voluntary-cessation exception to mootness applies. (*See* Doc. No. 24 at 7; Doc. No. 22 at 5).[6] Notably, "a defendant's 'voluntary cessation' of challenged conduct moots a case only if there clearly is 'no reasonable expectation that the alleged violation will recur.'" *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528-529 (6th Cir. 2022) (quoting *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019) (cleaned up)). "The 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203 (1968)). *Accord Ostergren v. Frick*, 856 F. App'x 562, 567 (6th Cir. 2021). But "'the burden in showing mootness is lower when it is the government that has voluntarily ceased its conduct[,]' because the government's ability to 'self-correct[] provides a secure foundation for a dismissal based on mootness so long as [the change] appears genuine.'" *Thomas v. City of Memphis*, 996 F.3d 318, 325 (6th Cir. 2021) (quoting *Speech*, 939 F.3d at 767). Despite it being Respondents' burden, Respondents make little to no attempt to persuade the Court that ICE (Respondents' Agency) will not again detain Petitioner without a bond.[7] As Petitioner points out,

[5] The Court discerns that Petitioner is attempting to argue also that Petitioner is still "in custody" for purposes of Section 2241. (*See* Doc. No. 24 at 6-7). The Court declines to address this argument and instead assumes *arguendo*—for purposes of ruling on the Petition—that Petitioner is not "in custody."

[6] Finding that this argument justifies the relief Petitioner seeks, the Court declines to consider the other arguments presented by Petitioner.

[7] Persuading the Court might not have been difficult had Respondents tried to do so; the Court would probably have found it easy to credit even a fairly minimal showing that ICE (Respondents' Agency) would

this case is factually analogous to *Valle v. Bullock*, No. 3:26-CV-00994, 2026 WL 2257330 (M.D. Tenn. Aug. 5, 2026), where Judge Crenshaw recently found that the voluntary cessation exception to mootness applied. *Id.* at *2. More specifically, Judge Crenshaw found:

> Despite it being Respondents' burden, they make no attempt to persuade the Court that they will not again detain [the petitioner] without bond. To the contrary, Respondents have apparently not been deterred by the Sixth Circuit's clear mandate in Raycraft—if they had, they would not have tried to detain [the petitioner] without bond in the first place. Moreover, Respondents did not voluntarily cease the unlawful conduct. Instead, the only reason [the petitioner] was granted bond was because he sought emergency relief in the Immigration Court.

*Id.*

Here, Respondents eventually conceded that the Petitioner's detention was governed by Section 1226(a) since the Petition was filed while Petitioner was located in Tennessee (i.e., within the Sixth Circuit), but ICE's past conduct—including failing to initially afford a bond hearing and shipping Petitioner to Louisiana (i.e., within the Fifth Circuit) seemingly to try to subject Petitioner to Section 1225—indicates that ICE's aforementioned conduct could at least potentially reoccur, perhaps via ICE again arresting Petitioner at one of his check-ins and quickly trying to ship Petitioner to Louisiana before any subsequent petition could be filed. Although (as discussed above) Respondents bear the burden to establish why the voluntary cessation exception does not apply, Respondents did nothing to reassure the Court that ICE (Respondents' Agency) cannot reasonably be expected to engage in the challenged conduct again. Respondents could have—for example—filed a declaration to that effect,[8] but alas Respondents did no such thing, nor anything

---

not take the (very bizarre) step of trying to detain without bond someone who has been granted bond by an immigration judge.

[8] *See e.g.*, *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that the voluntary-cessation exception did not apply because the respondent filed a declaration stating its position and its promise not to re-engage in the wrongful conduct, which led the Court to conclude, "[b]ased on that declaration, [it was] satisfied that the alleged wrong will not recur.").

comparable. Therefore, the Court finds that the voluntary-cessation exception applies and that the Petition is not moot.

Petitioner asks the Court to grant the Petition and to "permanently enjoin[] Respondents from re-detaining or re-classifying Petitioner under 8 U.S.C. § 1225(b)(2)(A) during his pending removal proceedings" and to declare that "Petitioner's civil administrative custody is governed exclusively by 8 U.S.C. § 1226(a) (consistent with *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026)[)]." (Doc. No. 24 at 8). In *Raycraft*, the Sixth Circuit found that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme, which does not provide for individualized bond hearings, does not apply to persons who are not seeking admission or lawful entry into the United States, because they are already in the United States. 175 F.4th at 732. The court clarified that, instead, "*§ 1226* applies to aliens already present in the United States," and that as to those aliens already present in the United States that such aliens can be "detained pursuant to *only* § 1226" *Id.* (emphasis added) (internal citation and quotation omitted). Because Petitioner was already present in the United States, his past detention was governed exclusively by 8 U.S.C. § 1226(a)—a point that Respondents conceded, (*see* Doc. No. 22 at 1-2 ("The parties agree that the United States Court of Appeals for the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*")). Moreover, so long as Petitioner remains "present in the United States," *Raycraft*, 175 F.4th at 732, any hypothetical future detention of him likewise could be made pursuant "to *only* § 1226" *Id.* (emphasis added).

Therefore, the Petition (Doc. No. 1) is **GRANTED**, and the Court will declare that Petitioner's previous civil administrative custody was governed exclusively by 8 U.S.C. § 1226(a). Moreover, so long as Petitioner remains "present in the United States," *Raycraft*, 175 F.4th at 732,

Respondents (and others at ICE acting in concert with them) will be enjoined from re-detaining or re-classifying Petitioner under 8 U.S.C. § 1225(b)(2)(A) during his pending removal proceedings.

The Court will (separately) enter a judgment granting the writ unconditionally and providing the particular relief (no more, and no less) specified above.

The Clerk is directed, once such judgment is filed, to enter judgment for purposes of Rule 58 and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE